**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Camille Jauregui

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE JAUREGUI,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER BANK; LEGAL RECOVERY LAW OFFICES, INC.; AND, MARK WALSH,<br><br>Defendants. | Case No.: '12CV0948 W  JMA<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

**COMPLAINT FOR DAMAGES**                                    PAGE 1 OF 8

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. CAMILLE JAUREGUI ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of DISCOVER BANK (individually as "Discover" or collectively as "Defendants"); LEGAL RECOVERY LAW OFFICES, INC. (individually as "LRLO" or collectively as "Defendants"); and, MARK D. WALSH (individually as "Walsh" or collectively as "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Pomona, County of Los Angeles, State of California.

14. Defendant, Discover, is located in the City of Riverwoods, in the State of Illinois.

15. Defendant, LRLO, is located in the City of San Diego, in the State of California.

16. Defendant, Walsh, is located in the City of San Diego, in the State of California.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §

1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**FACTUAL ALLEGATIONS**

20. Sometime before June 4, 2010, Plaintiff is alleged to have incurred certain financial obligations to Discover.

21. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, but before January 20, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before June 4, 2010, Defendant, Discover, a debt collector pursuant to the FDCPA, retained Defendant, LRLO, and Defendant, Walsh, also debt collectors pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

24. Pursuant to the instructions of Defendant, Discover, Defendant, LRLO, and Defendant, Walsh, in the name of Discover, filed a state collection case against Plaintiff on June 4, 2010 in the Pomona Superior Court based on Plaintiff's consumer account that was allegedly in default, Case No. 10C01951.

25. The purpose of the filing of the state case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to pay the alleged debt or merely hoping for Plaintiff's default.

26. In the state case, Defendants brought causes of action for: (i) breach of written contract; (ii) money had and received; and, (iii) account stated.

27. These causes of action had no merit, or evidentiary support, and were brought for the sole purpose of coercing Plaintiff to pay this alleged disputed debt.

28. In the complaint filed in state court, Defendants alleged that an "Account Stated" had

previously been entered into between Plaintiff and Discover when, in fact, this was not true.

29. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

30. In the complaint filed in state court, Defendants stated that Plaintiff had entered into an account stated "in writing" when, in fact, Defendants, knew or should have known that this was untrue, and that no such writing existed. This communication to Plaintiff was a false, deceptive, and misleading statement related to the collection of a debt.

31. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. At no time did Discover, LRLO, or Walsh have any evidence of "writing," and this false, deceptive, and misleading representation was made only for the purposes of coercing payment from a consumer.

33. At no time did Plaintiff enter into an account stated with anyone regarding this alleged obligation.

34. In this action, Defendants used a false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an action under an account stated requires that parties forgo any previous contract and, *instead*, enter into a new contract, which never happened in this case, a fact that Defendants either knew or should have reasonably known.

35. Defendants maintained this litigation up to and right before trial while all along knowing that Defendants never intended to actually go through with the trial, but instead, continue as an attempt to coerce a settlement.

36. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. §

1692e(10).

37. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

38. Through this action, Defendants caused Plaintiff to incur further litigation fees and costs.

39. It was never the intent of Defendants to proceed to trial, as this activity was only meant to cause Plaintiff further expenses and coerce a settlement.

40. Through this conduct, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

41. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

42. Pursuant to Code of Civil Procedure §128.7(b)(3), LRLO and Walsh certified to Plaintiff and the Court that Discover's allegations of account stated had evidentiary support, when in fact Defendants did not possess any evidence of any account stated, which is a written contract between the parties.

43. Though, Defendants did not possess such evidence, Defendants could have complied with CCP § 128.7(b)(3) by stating in the complaint that they believed in good faith that such evidence reasonably could be obtained. However, Defendants intentionally made no such statement regarding their lack of possession of evidence in an effort to mislead Plaintiff who would be justified in relying on CCP § 128.7(b)(3).

44. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

46. Prior to trial, rather than follow through on their threats, Defendants moved to dismiss the case against Plaintiff *without prejudice* on December 21, 2011, thereby subjecting Plaintiff to a future threat of litigation and denying Plaintiff the ability to vindicate himself through the action.

47. None of the Defendants ever intended to take either action to trial, but used the threat of trial as a debt collection tactic to collect the alleged debt from Plaintiff through false, deceptive, and misleading means and threats to take action Defendants never intended to take.

48. Through this conduct, Defendants threatened to take action that cannot be legally taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

49. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///
///
///

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,
- any and all other relief that this Court deems just and proper.

Dated: March 14, 2012                                   Respectfully submitted,

**HYDE & SWIGART**

By:     **/s/ Joshua B. Swigart**
Joshua B. Swigart, Esq.
Attorney for Plaintiff

### TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 14, 2012                                   Respectfully submitted,

**HYDE & SWIGART**

By:     **/s/ Joshua B. Swigart**
Joshua B. Swigart, Esq.
Attorney for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Camille Jauregui

## DEFENDANTS
Discover Bank; Legal Recovery Law Offices, Inc; and, Mark Walsh

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'12CV0948 W    JMA**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,001.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 04/17/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____